## Western Union Telegraph Co. v. J. M. Foster.

### (Case No. 5472.)

1. Agent — Authority.— Where the receiving clerk of a telegraph company, at the request or with the consent of the sender, attempted to correct a mistake in the message, and in so doing made a mistake himself, *held*, that the company was not liable, for the correcting of the message was not within the scope of the receiving clerk's authority or duty, and was not authorized by the company.

Appeal from Bexar.    Tried below before the Hon. G. H. Noonan. The opinion states the facts.

*Jno. A. & N. O. Green*, for appellant, cited: McAlpin *v.* Cassidy, 17 Tex., 462, 463, 465; H. & T. C. R'y *v.* McKinney, 55 Tex., 184–5; Addison on Torts, vol. 2, sec. 1309; Wood's Master and Servant, pp. 535, 555; Shaws *v.* Armstrong, 6 N. Y., 435; Brown *v.* Purviance, 2 H. & G. (Md.), 316; Wharton on Agency, secs. 127, 128, 129, 671, 679, 683, 687.

No briefs on file for appellee.

Delany, J. Com. App.— This suit was brought on a claim which is stated as follows:

"Damages caused by error in transmitting dispatch sent by J. M. Foster to Borden & Borden from San Antonio, Texas, to Galveston, Texas; said error being: ' *Can put stock on cars* . . . *at twenty and half dollars*,' instead of *twenty-two and half dollars*, whereby twenty-five head of horses were shipped, with result of loss to said Foster of $2 per head — $50."

The proof shows that on June 3, 1883, the plaintiff below carried to the defendant's office a message written by himself which was in these words: "Can put stock on cars fourteen hands up twenty and half dollars two cars good sheep waiting."

The receiving clerk read the message over aloud, and the plaintiff discovered that there was a mistake in it. The words *twenty and half* should have been *twenty-two and half*. The clerk undertook to correct the mistake by interlining the proper words. But he also made a mistake, and put the interlineation in the wrong place. And so the dispatch when corrected read thus: "Can put stock on cars fourteen hands up twenty and half dollars two cars good *two* sheep waiting."

It appears, however, that the message was received at Galveston

exactly as the plaintiff had written it, the correction which the clerk had made having been, from some cause, omitted. The plaintiff did not read over the message or hear it read after it had been corrected by the clerk. The clerk in his testimony says that he made the correction at the request of the plaintiff. The plaintiff says that the clerk proposed to make the correction and was permitted to do so by him.

It further appears from the evidence that it is not only not the duty of the receiving clerk to alter messages which are brought into the office, but that he is not permitted to do so. His duties are to receive the message, count the words, receive the money, and convey the message to the operator.

The question to be determined upon this state of facts is whether the telegraph company is responsible for the failure of the receiving clerk to correct appellee's message. We put the question thus because the message was sent just as it was written by appellee; and if he has any cause of complaint, it must be that the clerk proposed to correct the message and failed to do so.

Wood in his work on Master and Servant lays it down as an inflexible rule that "for all acts done by the servant under the express orders or directions of the master, as well as for all acts done in the execution of the master's business, within the scope of his employment, the master is responsible; but when the act is not within the scope of his employment, or in obedience to the master's orders, it is the act of the servant and not of the master, and the servant alone is responsible." Page 536, sec. 279.

Again on page 555 the same author says: "In order to charge the master, the injury must arise from an act done in the service of the master, and from the doing of an act which the master was bound to perform, or which he had directed the servant to do. If the service is rendered for another, or in doing that which some other person is bound to perform, he is acting as the servant of him on whom the duty rested."

It follows from what has just been said that when the master owes a duty to a third person, and that duty is performed by a servant so carelessly that damage results, the master is liable. Did the company in this case owe to appellee the duty of writing his messages, or of correcting them when he had written them amiss? It would seem not. ·Had the company in any way ordered its servant (a clerk) to do this for the plaintiff? There is no proof that it had. Then the servant was acting beyond the scope of his duty, and it makes no difference whether, in making the correction, he

acted *sua sponte* or at the request of appellee. We refer also to the case of Telegraph Co. *v.* Edsall, 5 Law Rev., 221.

This seems to us to determine the whole case. The judgment should be reversed, and as the trial below was without a jury, we recommend that judgment be rendered for the defendant.

REVERSED AND RENDERED.

[Opinion adopted May 26, 1885.]