WESTERN UNION TELEGRAPH COMPANY v. J. M. BURROW.

No. 1718.

1. **Telegraph Company—Mental and Physical Suffering of Wife.**—Because of delay in the delivery of a message, a husband was prevented from being with his wife during her confinement in childbirth. She testified, that she did not learn that her husband had not arrived until after the delivery of the child, the fact having been concealed from her, but that before she became unconscious (shortly prior to such delivery) she was greatly distressed because of his absence; and it appeared that had the message been duly delivered, he would have been present before she became unconscious. The attending physician testified that his absence rendered her mental and physical condition and suffering much worse. *Held*, that the testimony warranted a verdict against the telegraph company.

2. **Same—Verdict Not Excessive.**—A verdict for $600 damages for mental and physical suffering of the wife occasioned under circumstances as stated above, held not excessive.

3. **Same—Unrepeated Message.**—The stipulation providing that unless the message be repeated the company will not be liable, will not avail where the delay and injury is due to the negligence of the agent, and not to any mistake in the transmission of the message.

APPEAL from Comanche. Tried below before Hon. T. H. CONNER.

*Stanley, Spoonts & Meek,* for appellant.

*Lindsey & Goodson,* for appellee.

TARLTON, CHIEF JUSTICE.—The verdict of the jury, resting upon evidence, requires that we find the following conclusions of fact:

On March 2, 1892, Ophelia Burrow, the wife of appellee, was sick at her mother's residence at Thorp Springs, near Granbury, Texas. She was confined in childbirth. At 7:30 a. m. of that day she caused to be delivered to the appellant company at Granbury the following message:

"GRANBURY, TEXAS, March 2, 1892.

"*J. M. Burrow, Comanche:*

"Come on first train. Ophelia is sick.          "J. E. JENKINS."

The appellant received the price of the message. J. E. Jenkins was the mother of Ophelia Burrow, and the telegram was sent by virtue of a prearrangement between the husband, the wife, and the mother.

The message was received at Comanche at 8:15 a. m. It was not delivered until noon or thereafter. Had it been delivered before 10 o'clock, the plaintiff would have gone on the train leaving Comanche about that hour, and have reached the bedside of his wife by 12:30 p. m.

The plaintiff was a deputy sheriff and the jailer at Comanche. He was also clerk in a furniture store, his place of business being within 500 yards of the defendant's office. He was well known to the agent. On the evening of March 1st he went into the company's office and

told the agent that he had left his wife at Thorp Springs, two and one-half miles from Granbury, at her mother's, to be confined; that he was expecting a telegram from Mrs. J. E. Jenkins, her mother, at any time, calling him to her; that the telegram would be signed by J. E. Jenkins, and would be from Granbury; that if it came in the night-time, to bring it to him at the jail, and if in the day-time, to Foster's furniture store on the public square. The telegram as delivered to the company was plainly written and addressed.

The defendant's agent negligently failed to deliver the message. As a consequence, the plaintiff was unable to reach his wife, and the latter was deprived of the husband's presence, which (as the physicians testified) would have been, during her travail, "of decided benefit to her, both mentally and physically." She thus suffered mental and physical pain which otherwise she would not have sustained.

For this mental and physical pain the plaintiff brought this suit, and recovered damages in the sum of $600.

*Opinion.*—The appellant assigns as error the refusal of the court to charge the jury, that as there was no testimony justifying a verdict in behalf of the plaintiff, they would find for the defendant. This instruction was predicated upon the testimony of Mrs. Burrow, on cross-examination, to the effect, that "the first time that she actually learned that her husband had not arrived was after she had been delivered of the child, some time that evening, an hour or two after the child had been delivered; that during all this time, and up to an hour or two after the birth of the child, she was unconscious, and on reviving learned from them that her husband had not come; that they concealed from her the fact that he had not come, and administered the opiates, and she became unconscious."

This witness, however, further testified, in effect, that had her husband come on the train he would have been with her for some time before she became unconscious, and that she would have had the benefit of his presence; "that she was very greatly distressed in mind because her husband was not present with her during the time; that his presence would have greatly reassured and cheered her during the time; and that she suffered great mental trouble, pain, and anxiety because of his absence." So, the attending physician, testifying to the delicate and sensitive nature of the wife, and to her manifest attachment to her husband, further stated, that she was very much distressed because her husband did not come, and that this rendered her mental condition very much worse than it would have been had he been present; that her physical, sympathizing with her mental condition greatly, as is always the case with such patients, rendered her condition much worse than it would have been if her husband had been present as she expected. The testimony of this physician was corroborated by that of another, as to the effect of the absence of the husband upon the condition of the wife, under the circumstances detailed.

Such being the status of the testimony, we are unable to hold that the court would have been justified in instructing a verdict for the defendant.   Nor are we able to say that the verdict is without support in the evidence.

The defendant pleaded exemption from liability, on account of the stipulation requiring the message to be repeated, and providing that, unless repeated, it would not be liable for mistakes or delays in transmission.

The agent testified that the message, as received, was addressed to J. M. Barrow, and not to J. M. Burrow.   The record, however, requires the conclusion of fact which we have found, that this error could not have misled the agent, because of the undisputed testimony that his attention had been on the previous evening called to the expected message, to the name of the sender, to the subject matter of the telegram, and to the whereabouts of the addressee, already well known to him.

The delay, as we have found, was due to the negligence of the agent, and not to any mistake in the transmission of the message, plainly written and addressed as it was.   Against such negligence the stipulation referred to will not avail.   Tel. Co. v. Lynn, 87 Texas, 7; Tel. Co. v. Reeves, 27 S. W. Rep., 318.

An assignment of error complains that the verdict is excessive in amount, "because there is no testimony that the wife suffered any distress, physical or mental, from the failure of the defendant to deliver the telegram, or from the absence of her husband during her confinement, or that she even knew that the telegram had been sent, or that the husband was not present with her during her confinement."

These grounds we are constrained to overrule, because we find, (1) that the wife suffered distress, physical and mental, which she would not have suffered had the telegram been delivered or her husband been present; (2) that she knew that the telegram had been sent, because it was actually sent in pursuance of an arrangement previously made between herself, her mother, and her husband that it would be sent; (3) that she knew that her husband was not present with her during her confinement, because her unconscious condition, to which appellant adverts, was not brought about until some time after the failure of her husband to arrive, as contemplated by the message, and because of the testimony of the physician, that she learned that her husband had not arrived while she was still in labor, and was very much distressed at his not coming.   The grounds raised in this assignment are not, therefore, tenable.

We do not feel justified in holding the verdict excessive.

The judgment is affirmed.

*Affirmed.*

Delivered March 18, 1895.