WESTERN UNION TELEGRAPH CO. v. REYNOLDS. †

(Court of Civil Appeals of Texas. Ft. Worth. June 17, 1911. Rehearing Denied. Oct. 14, 1911.)

1. TELEGRAPHS AND TELEPHONES (§ 66*) — DEATH MESSAGE—EVIDENCE.

Where, in an action for failure to deliver a message, defendant's superintendent testified that it was the duty of the messenger boy who receives a message to be forwarded to report to the operator any information received as to the whereabouts of the addressee, evidence that the messenger who called for the message was informed that the addressee could be found in a specific place of business in the place to which the message was addressed was not objectionable on the theory that the messenger was the sole agent of the sender; it also appearing that the operator at destination sent back a service message, asking for a more definite address, and received no reply.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 61–63; Dec. Dig. § 66.*]

2. TRIAL (§ 252*) — INSTRUCTIONS — APPLICABILITY TO EVIDENCE.

Where a message, for failure to deliver which action was brought, was addressed to plaintiff at C., Tex., a requested charge that if the sender did not place the address of the plaintiff on the message, and a person of ordinary care would have put the address thereon, and her failure so to do was negligence, which caused the failure to deliver the message, the jury should find for defendant was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 596–612; Dec. Dig. § 252.*]

3. TELEGRAPHS AND TELEPHONES (§ 51*)— DEATH MESSAGE—FAILURE TO DELIVER.

Where plaintiff's wife sent him a message, informing him of the dangerous illness of their child, and requested his immediate presence, and he would and could have arrived in time to have seen the child before its death, and to have attended its burial, had the message been delivered, that he was guilty of contributory negligence, in that he failed to go home on receiving a prior message informing him that the child was worse, because he thought his wife was unduly alarmed, would not preclude his recovery for mental anguish resulting from defendant's failure to deliver the second message.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 35; Dec. Dig. § 51.*]

4. TELEGRAPHS AND TELEPHONES (§ 66*) — DEATH MESSAGE—NEGLIGENCE—EVIDENCE.

Evidence held to sustain a finding of negligent failure of a telegraph company to promptly deliver a message announcing the expected death of plaintiff's child.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Dec. Dig. § 66.*]

Appeal from District Court, Hemphill County; F. P. Greever, Judge.

Action by A. M. Reynolds against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Hoover & Taylor and N. L. Lindsley, for appellant. B. M. Baker, for appellee.

DUNKLIN, J. The Western Union Telegraph Company has prosecuted this appeal from a judgment in favor of A. M. Reynolds, for damages resulting from appellant's failure to promptly deliver a telegram announcing the serious illness of plaintiff's child. When the message was delivered for transmission, the child was with her mother in Amarillo, and plaintiff was in Canadian. The message read: "A. M. Reynolds, Canadian, Texas. Baby dangerous come at once on auto. [Signed] Mollie." It was signed by plaintiff's wife, and deposited in defendant's office at Amarillo on June 1, 1910, and was transmitted by defendant to its office in Canadian, reaching its destination at 1:20 o'clock p. m., June 1st. The child died at 12:45 o'clock on the morning of June 2d, and was buried the same day. The message was not delivered to plaintiff until June 5th, and then only upon inquiry therefor, made by plaintiff after receipt of a letter from his wife, announcing the death and burial of the child. On June 1st a railway passenger train left Canadian at 6:30 o'clock p. m., and arrived at Amarillo at 10:40 o'clock p. m. of the

same day. The jury found that, had defendant delivered the telegram within a reasonable time, plaintiff would have gone to Amarillo in time to see his child before her death, and damages were awarded as compensation for mental suffering sustained by him as a result of his failure to thus visit his child before her death, and for his failure to attend her burial.

[1] Mrs. Reynolds did not take the message to defendant's office in Amarillo, but delivered it to a messenger, who was sent therefor to her residence, in response to a request made by her through her mother, Mrs. Preston, over the telephone, addressed to the agent in charge of defendant's office in Amarillo. Her request was that a messenger be sent to take a message to defendant's office for A. M. Reynolds, at Canadian, Tex. Plaintiff was living in Canadian at that time, and was employed as a barber at Jackson's barber shop in that town, and could have been found at his place of business at any time during the afternoon of June 1st. Canadian is a town of about 2,000 inhabitants. Mrs. Reynolds and her mother both testified that when the telegram was handed to the messenger he was told that A. M. Reynolds, the addressee, could be found in Jackson's barber shop in Canadian, and Mrs. Preston testified further that the messenger said he would have the telegram sent at once. Defendant objected to this testimony, on the ground that in receiving the message from Mrs. Reynolds to be carried to defendant's office the messenger was the agent of the sender, and not the agent of the defendant, and that notice to him of a fact, not shown in the message itself, was not binding upon the defendants. In the case of Given v. Telegraph Company, 24 Fed. 119, cited by appellant in support of its contention, the negligence alleged as a basis for the cause of action asserted consisted in the failure to deliver a message after its transmission over the wires of the company, and the evidence relied on to show such negligence was the testimony of plaintiff, in effect, that, prior to the date the message was sent, he sent word to the company by one of its messengers to have all dispatches for him sent to his office, naming the location of that office. In that case the court said: "The duty of the messenger was to deliver messages from the telegraph office, not to it." In G., C. & S. F. Ry. v. Geer, 5 Tex. Civ. App. 349, 24 S. W. 86, and in Telegraph Co. v. Edsall, 63 Tex. 668, it was held that the company was not liable for a mistake made by its telegraph operator in incorrectly writing out a message for the sender, at his dictation, to be transmitted over the company's line, for the reason that in performing that service the operator was the agent of the sender, and not of the company. Likewise, in Telegraph Co. v. Foster, 64 Tex. 220, 53 Am. Rep. 754, the negligence relied on to support a recovery by plaintiff against the telegraph company consisted in a mistake made by the operator, who received the message from the sender, in attempting, at the request of the sender, to correct an error in the message as the same was originally written by the sender. In that case our Supreme Court held that the company was not liable, because the operator, in attempting to correct the message, was acting beyond the scope of the duties of his employment. But the court said: "It further appears from the evidence that it is not only not the duty of the receiving clerk to alter messages which are brought into the office, but that he is not permitted to do so." In this case no evidence was introduced controverting the testimony of Mrs. Reynolds and Mrs. Preston that the agent in charge of the defendant's office at Amarillo sent the messenger to receive and convey the telegram to the sending office, and that when the message was delivered to the messenger he was informed that plaintiff, the addressee, could be found at Jackson's barber shop at Canadian.

R. E. Johns, superintendent of appellant's office in Canadian, Tex., was introduced as a witness by appellant, and testified that under the custom and rules of that company "it was the duty of the messenger boy to report to the operator what was told to him at the house; but the operator has no authority to put it on the message. * * * It is the duty and the custom for the messenger boy who receives a message to report to the operator who the party is, and where to be found, in order to give any assistance that he might need. * * * If the office at Canadian was making an effort to deliver the telegram, and was to fail to find the party, and had their operator call up office at Amarillo to see if they could get any information, and the operator at this end of the line should send service message to the operator at the other end, the operator at Amarillo would have the right to give the information that the party gave." It was further shown without controversy that the operator at Canadian did send a service message to the operator at Amarillo, requesting a better address of the plaintiff, but received no reply to that request, and that within approximately an hour after the message was delivered to the messenger boy at Amarillo Mrs. Preston made inquiry over the telephone of the agent in charge of appellant's office concerning the message, and was assured by him that it had been sent. In view of the evidence noted above, the court did not err in admitting the testimony of Mrs. Preston and Mrs. Reynolds, made the basis of the assignment of error now under discussion.

[2] Appellant complains further of the court's refusal to give the following requested instruction: "Gentlemen of the jury, you are charged that if you find and believe from the evidence in this case that the wife of the plaintiff did not place the address of her

husband upon the message she sent her husband, dated June 1, 1910, and that a person of ordinary care and prudence would have put the address upon said message, and that her failure to put the address of her husband on said telegram was negligence, and that such negligence was the cause of the failure of the delivery of said message, then you will find for the defendant, and so say by your verdict." The instruction was predicated upon the theory that the sender failed to place any address of her husband in the telegram. As shown, the telegram did give his address as Canadian, Tex. Such being the evidence, the jury could not have found that no address was given in the telegram, and therefore under the instruction could not have returned a verdict in favor of the defendant. The proposition submitted under the assignment of error complaining of the refusal of this instruction is that if the sender of the message was guilty of negligence in giving an insufficient address, and that such negligence on her part was a contributing cause of the defendant's failure to deliver the telegram to the plaintiff at Canadian, then plaintiff could not recover. It is thus apparent that the proposition is more comprehensive than the assignment of error. It was shown upon the trial that appellant's messenger boy at Canadian made numerous inquiries to find plaintiff, in order to make delivery of the telegram after its receipt at Canadian, but did not learn of his whereabouts. But the appellant introduced no testimony to show that its messenger at Amarillo, who received the message from the sender, failed to impart to the agent in charge of its office at Amarillo the information received by the messenger from the sender that the plaintiff could be found at Jackson's barber shop at Canadian. Even though it be conceded that the sender was guilty of negligence in failing to place upon the telegram a better address, yet, in the absence of proof tending to show that such negligence caused or contributed to cause appellant's failure to promptly deliver the telegram, it would be improper to charge the jury upon the issue of such contributory negligence.

[3] The proof further showed that on May 30th, two days prior to the date of the telegram in question, a message was sent to plaintiff by his wife from Amarillo, Tex., with the general address Canadian, Tex., reading: "Baby is worse come home." That telegram was delivered to the plaintiff on the same day of its date. Plaintiff did not go home in response to the telegram, but answered it by letter. He testified that the reason he did not go home was that he knew the child had whooping cough, and he thought his wife was unduly alarmed, but further testified that he would have gone immediately upon the receipt of the second telegram, had it been promptly delivered. Appellant requested an instruction that if plaintiff was guilty of negligence in failing to go home in response to the first message, and that but for such negligence he would not have suffered the injury for which the suit was instituted, then a verdict should be returned in the defendant's favor. We think this instruction was properly refused.

We are cited to no authority, and have found none, which would sustain the contention that, if plaintiff had been negligent in not going to his home at a date prior to that upon which the telegram was sent, he cannot recover in the suit. If he had gone home on May 30th, the telegram of date of June 1st would not have been sent as matter of course, and neither the issue of negligence on the part of appellant nor the issue of contributory negligence would have been presented to any court for decision, for in that event the injury complained of would not have been sustained. We understand that the defense of contributory negligence in such cases is applicable to acts or omissions on the part of plaintiff and his agents which operate concurrently with the negligence of defendant to cause the injury complained of, but that such defense cannot be based upon acts or omissions occurring prior to the date of the contract, and which do not proximately contribute to the injury.

The jury found that the plaintiff would have gone to Amarillo, and would have reached his home in time to see his child before her death, if defendant had made prompt delivery of the telegram, dated June 1st, and this finding is supported by the evidence. This being true, we fail to understand how the fact that plaintiff was guilty of negligence in not going to Amarillo on May 30th could be any excuse for appellant's failure to promptly deliver the telegram of June 1st according to its contract.

[4] One of appellant's operators testified that he delivered the message, of date May 30th, at the Southern Hotel, where plaintiff was then boarding, and where other proof showed he was boarding on June 1st. This evidence, in connection with the other evidence noted above, was ample to sustain the finding by the jury that appellant was negligent in failing to promptly deliver the message, and therefore the assignment of error, complaining that the verdict and judgment are unsupported by the evidence upon that issue, is overruled.

We have found no error in the record, and the judgment is affirmed.