### WESTERN UNION TELEGRAPH CO. v. HOLCOMB.

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 16, 1912.)

1. TELEGRAPHS AND TELEPHONES (§ 35*)—DELAY IN THE DELIVERY OF MESSAGES—LIABILITY.

Where it was no part of the duty of an agent of a telegraph company in charge of an office to write out messages, the agent when writing out a message for a sender, at the sender's request, was his agent, and the negligence of the agent was not chargeable to the company.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 25; Dec. Dig. § 35.*]

2. TELEGRAPHS AND TELEPHONES (§ 37*)—DELAY IN DELIVERY OF MESSAGES—LIABILITY.

A telegraph company receiving for delivery a message containing a mistake in the address must exercise ordinary care to deliver the message, and, where it fails so to do, it is liable for the damages sustained by the addressee in consequence thereof.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 24, 29, 32; Dec. Dig. § 37.*]

3. TELEGRAPHS AND TELEPHONES (§ 38*)—DELAY IN DELIVERY OF MESSAGES—EXCUSE.

Where a sender paid the fee charged for the delivery of a message, and no extra fee for delivery at the addressee's residence known by

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

the agent of the company receiving the message for delivery to be outside of the free delivery limits was demanded, the failure to pay any extra fee did not relieve the company from liability for a negligent delay in the delivery of the message.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 33; Dec. Dig. § 38.*]

4. APPEAL AND ERROR (§ 1040*)—HARMLESS ERROR—ERRONEOUS RULINGS ON PLEADINGS.

The error, if any, in overruling an exception to allegations of the petition, is harmless where the issues raised thereby are not submitted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040.*]

Appeal from District Court, Comanche County; J. H. Arnold, Judge.

Action by Fayette Holcomb against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Arch Grinnan, of Brownwood, for appellant. Smith & Palmer, of Comanche, for appellee.

DUNKLIN, J. Fayette Holcomb instituted this suit against the Western Union Telegraph Company to recover damages for alleged negligent delay in the delivery of a telegram, and from a judgment in his favor the defendant has appealed.

The telegram was as follows: "Mt. Pleasant, Texas, Mar. 18, 1911. Fate Hawkins, De Leon, Texas. Brother Jess sick. No chance for him. Come at once. [Signed] Lena Raney." Lena Raney was plaintiff's sister, and she and her brother, Jess Holcomb, lived in the country about nine miles from Mt. Pleasant. Plaintiff resided in the country near Downing, a small town about eight miles from De Leon. There was a telephone line connecting the two towns last named, and a telephone line from Downing to plaintiff's residence. A person in De Leon could talk to plaintiff at his residence, but, in order to do so, it was necessary to call for him at the Downing exchange, from which station direct connection would be made between plaintiff's residence and De Leon. Jess Holcomb died at 4 o'clock on the afternoon of March 19th, and was buried near his home at 4 o'clock the afternoon of March 20th. The telegram was delivered to plaintiff at his home by telephone from defendant's office at De Leon on the morning of March 20th, too late to enable plaintiff to attend the burial.

[1] It will be noted that the message was addressed to "Fate Hawkins," and not to "Fayette Holcomb." One of the defenses urged was that this mistake in the address caused the delay. Melvin Tigert, at the request of Lena Raney, went to defendant's office at Mt. Pleasant to have the message sent. Lena Raney did not write out the message to be sent, but requested Tigert to do so. At Tigert's request, W. S. Prestridge, defendant's agent at Mt. Pleasant, wrote out the message. Tigert testified that he saw the same written, but claims that he gave the name of the addressee as "Holcomb," instead of "Hawkins," and thought it was correctly addressed. The undisputed proof was that it was no part of the duty of Prestridge, under the terms of his employment by defendant, to write out a message to be sent over defendant's lines. One of the grounds for recovery charged by the plaintiff in his petition and submitted by the court to the jury was the negligence of Prestridge in making the mistake. This instruction was erroneous, for it is well settled by the decisions of this state that, under the circumstances above noted, the agent who thus acts at the sender's request is the agent of the sender, and not the agent of the telegraph company, and hence his negligence is chargeable to the sender, and not to the company. Western Union Telegraph Co. v. Edsall, 63 Tex. 668; Western Union Telegraph Co. v. Foster, 64 Tex. 220, 53 Am. Rep. 754; Western Union Telegraph Co. v. Rich, 110 S. W. 96. We are unable to concur in appellee's contention that the evidence shows conclusively that the mistake in the address was neither the sole cause nor a contributing cause of the delay in the delivery of the message.

From the foregoing conclusion it follows that there was error also in the court's refusal to give defendant's special instruction copied in the tenth assignment, which was, in effect, that if the jury should find that, by reason of the mistake in the address, delivery of the telegram was delayed until too late for plaintiff to reach his brother before the burial, then a verdict should be returned in defendant's favor.

[2] Notwithstanding the mistake in the address, the message was in fact delivered to the addressee in the form written by Prestridge. It was undisputed that, at the time the message was delivered orally to the agent at Mt. Pleasant, Tigert informed him that the addressee lived in the country near Downing, about eight miles from De Leon, and that he had a telephone reaching his residence. The agent at De Leon testified that he made inquiry for Fate Hawkins among the business men of De Leon, where plaintiff seems to have been well known, but learned nothing of his whereabouts. On the 19th of March a service message was sent to De Leon by the agent at Mt. Pleasant, giving the information which that agent had previously received of the location of the addressee's residence, and of the fact that there was a telephone at his residence, but this service message did not correct the mistake in the address. After receiving this message, the De Leon agent testified that on the 19th of March he tried to call up the Downing telephone office, but could not do so, as that day was Sunday, and the tele-

phone exchange at Downing was then closed. Early the following morning he did call for "Fate Hawkins" over the phone to Downing, and, in reply to this call, he was placed in telephone connection with' plaintiff's residence, and then read the message to plaintiff, who at once knew that he was the addressee intended. We cannot agree with appellant's contention that plaintiff could not recover if the agent at Mt. Pleasant accepted the message believing that it was intended for Fate Hawkins, and not for Fayette Holcomb. It was the duty of defendant to exercise ordinary care to deliver the message to the addressee, and if by the exercise of ordinary care it could and should have delivered it to plaintiff notwithstanding the error in the name of the addressee in time to have enabled him to reach his brother's home before the burial, and if defendant's failure to exercise that degree of care was the proximate cause of plaintiff's failure to make the trip to his brother's home before the burial, and if plaintiff suffered mental anguish in consequence of his failure so to do, then defendant would be liable. Western Union Telegraph Co. v. Holley, 55 Tex. Civ. App. 432, 119 S. W. 888, and authorities there cited.

[3] By several assignments of error, the contention is made that as the telegram sent contained a printed stipulation on the back and expressly made a part of defendant's contract with the sender that for delivery of the message beyond its free delivery limits an extra fee would be charged, and as plaintiff lived beyond such free delivery limits established at De Leon and which were reasonable, there could be no recovery. The undisputed proof was that Melvin Tigert paid the agent at Mt. Pleasant 40 cents, the fee charged, and that no extra fee was demanded for delivery at plaintiff's residence, which at the time the agent knew was some eight miles from De Leon. Under those circumstances, the contention now under discussion is unsound, and accordingly all assignments of error based thereon to instructions given by the court to a contrary effect, and to the refusal of requested instructions embodying that contention, are overruled. Western Union Telegraph Co. v. Harris (Sup.) 148 S. W. 284. We think the allegation in plaintiff's petition of the place of delivery of the telegram was sufficiently definite, and that there was no error in overruling defendant's special exception thereto on the ground of indefiniteness.

[4] As the court did not submit the new agreement made on March 19th by the agent at Mt. Pleasant to deliver the message, the error, if any, in overruling defendant's exception to the allegation of such agreement in plaintiff's petition, was harmless.

For the same reason, we overrule the fifteenth assignment, in which complaint is made of the action of the court. in overruling another special exception to the allegation that it was the duty of defendant to deliver the telegram by some means other than by telephone, if the latter agency was not available.

For the errors noted, the judgment is reversed, and the cause remanded.