POSTAL TELEGRAPH–CABLE CO. et al. v. PREWITT. (No. 752.)

(Court of Civil Appeals of Texas. El Paso. Nov. 21, 1917. Rehearing Denied Dec. 13, 1917.)

1. TELEGRAPHS AND TELEPHONES ⬡⟿35 — FAILURE TO DELIVER MESSAGE—LIABILITY.

Where sender of telegram telephoned it to the company's agent, who wrote it upon blanks containing provisions limiting liability, such provisions were not binding as a part of the contract.

2. TELEGRAPHS AND TELEPHONES ⬡⟿35—NOTICE.

In such case the telegraph operator taking the telegram by phone and writing it for transmission does not act as the agent of the sender so as to bind him to the conditions upon the blank.

3. COURTS ⬡⟿91(1)—JURISDICTION—STATE SUPREME COURT.

A judgment of the Supreme Court of Texas that Act Cong. June 18, 1910, c. 309, 36 Stat. 539, does not supersede the state law as to the liability of a telegraph company for negligence in delivery of an interstate message is controlling authority upon the Court of Civil Appeals unless and until the contrary be held by the Supreme Court of the United States.

4. TELEGRAPHS AND TELEPHONES ⬡⟿37(7) — FAILURE TO DELIVER MESSAGE—MISTAKE IN INITIALS.

Notwithstanding a mistake in initials of addressee, it is the telegraph company's duty to use ordinary care to make seasonable delivery of the message, and negligence in the discharge thereof is actionable.

5. TELEGRAPHS AND TELEPHONES ⬡⟿37(8)— FAILURE TO DELIVER MESSAGE—DUTIES OF COMPANY.

Where telegram was addressed, "H. S. P., N. C. R. Co., 414 O. St.," the full duty of the telegraph company was not discharged by tendering delivery at the address at which its messenger learned that the addressee was no longer at that address, and was given his correct address.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by Samuel B. Prewitt against the Postal Telegraph-Cable Company and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Turney, Culwell, Holliday & Pollard, of El Paso, for appellants. C. A. Kinkel and E. T. Edwards, both of El Paso, for appellee.

HIGGINS, J. Appellee brought this suit against appellants to recover damages sustained by negligent delay in the delivery of a telegram sent over appellants' lines by J. E. Rogers from Dayton, Ohio, to appellee in El Paso, Tex., addressed as follows: "H. S. Prewitt, N. C. R. Co., 414 N. Oregon St., El Paso, Texas." From a judgment in his favor the defendants appeal.

Under various assignments appellants seek to avail themselves of certain provisions limiting their liability, which provisions are printed upon the back of the original telegram as the same appears on file in the re-

---

ceiving office at Dayton. It is contended that these provisions constitute a part of the contract between the parties for the transmission and delivery of the message; that such message was interstate, for which reason the rights and obligations of the parties are controlled by the act of Congress approved June 18, 1910.

[1] These assignments must be overruled for the following reasons:

(1) It is shown by defendants' answer and testified to by the defendants' operator at Dayton that the sender of the message did not write same upon the defendants' blanks containing the provisions relied upon, nor actually file the message, but that the message was communicated orally to the operator over the telephone. The message so communicated was written upon the defendants' blanks by said operator without any mention being made of the stipulations relied upon, and there is no evidence of knowledge of the existence thereof on the part of the sender. There is no evidence as to the duty of the operator with respect to messages so communicated to him for transmission. Upon this state of facts the provisions relied upon are not binding as a part of the contract. Tel. Co. v. Douglass, 104 Tex. 66, 133 S. W. 877.

[2] In this connection appellants contend that, as a matter of law, a telegraph operator who takes a telegram by telephone and writes same for transmission by telegraph acts as the agent of the sender of the telegram in so accepting the message by phone, and, being such agent, the sender of the telegram is bound by the character of contract made between such operator and the telegraph company in reducing such message to writing on a blank of the company to which is attached a contract covering the conditions under which same will be transmitted by wire. The cases cited by appellants (Tel. Co. v. Edsall, 63 Tex. 668; Railway Co. v. Geer, 5 Tex. Civ. App. 349, 24 S. W. 86) do not support so broad a statement of the law nor have we been able to find any authority to that effect. If there had been any evidence that the message had been orally communicated to the operator with the understanding on the part of the sender that it was to be received and written on the defendants' blank forms and sent subject to the stipulations thereof, then a different question would be presented. The Douglass Case, supra, is decisive upon the question of agency in the state of the evidence and is adverse to appellants' contention.

[3] (2) The issue of negligence on the part of defendant in making delivery of the message was submitted to the jury and found against it. To give effect to the provisions in question would relieve it of the consequences of its negligence. Our Supreme Court has very recently held in Tel. Co. v. Bailey, 196 S. W. 516, that the act of Congress approved June 18, 1910, does not supersede the state law as to the liability of a telegraph company for its negligence in the delivery of an interstate message. This decision is the controlling authority upon this court upon that question unless and until the contrary be held by the Supreme Court of the United States. To same effect see, also, Tel. Co. v. Piper, 191 S. W. 817; Bailey v. Tel. Co., 171 S. W. 839; Tel. Co. v. Bailey, 184 S. W. 519.

[4] The third assignment is without merit, for it is well settled that, notwithstanding the mistake in the initials of appellee, it was appellant's duty to use ordinary care to make seasonable delivery of the message to him, and that negligence in the discharge of this duty is actionable. Tel. Co. v. Holcomb, 152 S. W. 190, and 175 S. W. 750; Tel. Co. v. Holley, 55 Tex. Civ. App. 432, 119 S. W. 888; Tel. Co. v. Burrow, 10 Tex. Civ. App. 122, 30 S. W. 378; Lambert v. Tel. Co., 45 S. W. 1034. The issue of negligence in this respect was submitted to the jury and resolved against appellant. The evidence abundantly supports the finding.

[5] Nor is there any merit in the contention that appellant discharged its full duty by tendering delivery of the message to the agent of the "N. C. R. Co.," at "414 N. Oregon St.," in El Paso. The message does not purport to have been sent in care of that company. The abbreviations and street address following Mr. Prewitt's name were simply informatory in character, and apprised appellant that the addressed could be located at "414 N. Oregon St.," with the "N. C. R. Co." They did not authorize delivery of the message to that company. The evidence discloses that the messenger of appellant went to the "N. C. R. Co.," at "414 N. Oregon St.," to make delivery, and was there advised that Mr. Prewitt was no longer with that company and his correct address given. Had defendant availed itself of the information thus obtained, prompt delivery of the message could and would have been made.

What has been said disposes of all questions presented.

Finding no error, the judgment is affirmed.

WALTHALL, J., not sitting, being absent on the committee of judges assisting the Supreme Court.